IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND E. LOPEZ,

        Petitioner,

    v.

DAVE DAVEY, Warden,

        Respondent.

No. C 13-4880 TEH (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Petitioner, Raymond E. Lopez, a California state prisoner, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from the Santa Clara County Superior Court. He has been granted leave to proceed in forma pauperis.[1]

I

According to the Petition, in October 2009, Petitioner was convicted of assault with force likely to cause great bodily injury and active participation in a criminal street gang. He was sentenced to two years in state prison, which was to run consecutive to his sentences in two unrelated cases — for a total indeterminate

---

[1] Petitioner initially named Greg Lewis, former warden of Pelican Bay State Prison, as the respondent in this action. The California Department of Corrections online inmate locator service confirms that Petitioner has been transferred to California State Prison – Corcoran ("Corcoran"). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Dave Davey, the current warden of Corcoran, is hereby SUBSTITUTED as Respondent in place of Petitioner's prior custodian.

term of thirty-nine years to life consecutive to a determinate term of ten years.  His conviction was affirmed by the California Court of Appeal, and his petition for review was denied by the California Supreme Court.  The instant federal petition for a writ of habeas corpus followed.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

Petitioner's sole claim for federal habeas relief states: "The gang expert's testimony was error in several respects, denying appellant due process of law, a fair trial, and the right to a jury determination on all issues."  The petition is too lacking in detail to warrant a response from the respondent.

First, Petitioner does not adequately explain the specific "errors" in the gang expert's testimony or how the "errors" impacted his trial.  For example, he states that "[t]he gang expert's unduly specific testimony, down to the charged crimes and naming persons by name as directing the very charged offenses, effectively asserted the defendant's guilt."  The Court does not understand this argument.  Indeed, the Court cannot be certain whether this is

intended to be one claim or a group of claims.  Petitioner does not identify any specific piece of testimony given by the gang expert, whether defense counsel objected, and how the trial court ruled on any such objections.  Petitioner must file an amended petition in which he explains the factual basis for his claim.

Second, Petitioner has not alleged the violation of his rights under the Constitution, laws or treaties of the United States.  "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) (emphasis in original).  Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See id.  In his amended petition, Petitioner must allege the federal constitutional right (or right under a treaty or federal law) that was violated by the expert's testimony.  His vague reference to his rights to due process and a fair trial and his right to a jury is insufficient.  Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.  See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970).

Finally, it is unclear whether state court remedies were exhausted as to Petitioner's claim.  The exhaustion rule requires that a prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by

3

presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners federal rights."  Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  Here, a review of the opinion of the California Court of Appeal shows that Petitioner's contention on appeal was that "the gang expert was improperly allowed to testify to the intentional commission of the charged offenses by [Petitioner], and by [Petitioner] as a Norteno with the understanding (i.e., intent) he was acting as a gang member according to gang rules."  People v. Lopez, No. H035015, 2012 WL 1264451, at *28 (Cal. Ct. App. Mar. 16, 2012) (internal quotation marks omitted).  If Petitioner has other claims relating to the testimony of the gang expert that he has not exhausted, he should do so promptly to avoid having his habeas petition dismissed as untimely under the habeas statute of limitations.  See 28 U.S.C. § 2244(d).

Sometimes it is helpful for a petitioner to attach to his federal habeas petition a copy of his state court appeal brief if he has asserted the claims in that brief that he wants this Court to consider.  If a claim has been raised in a state appellate brief written by an attorney, it is usually sufficient for the petitioner

4

to submit a copy of that state appellate brief to present his claim to this Court.  (This is because an appellate attorney usually will have provided an adequate explanation of the facts and law, as well as citations to the record so that the reviewing court may examine the claim.)  On the other hand, when a petitioner presents a claim that has not been presented in state court by an attorney, he must describe the facts that show the alleged constitutional violation, must cite to the record if possible, and may cite to relevant case authority in support of the claim.

### III

For the foregoing reasons, the Court orders as follows:

1. The petition is DISMISSED with leave to amend within thirty (30) days from the date this order is entered.  The amendment must be on the court's form for prisoner Section 2254 petitions and must include the caption and civil case number used in this order (C 13-4880 TEH (PR)) and the words "AMENDED PETITION" on the first page.  The amended petition will supercede any prior filings and Petitioner is reminded that the amended petition must contain all claims he wishes to pursue and may not incorporate by reference any parts of the original petition.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

2. Petitioner must clearly state the grounds for habeas relief challenging either the underlying state court criminal conviction or the legality of his confinement.  In the amended petition, Petitioner must demonstrate that the claims he has brought are exhausted and Petitioner should include only exhausted claims.

**Petitioner should include petitions to the California Supreme Court and the decision of that Court on the claims he wishes to present in federal court.** If Petitioner fails to file an amended petition in conformity with this order, this action will be dismissed without prejudice.

3.   It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4.   The Clerk of the Court shall send Petitioner a blank habeas corpus form along with a copy of this order.

5.   The Clerk is further directed to substitute Warden Dave Davey on the docket as the Respondent in this action.

IT IS SO ORDERED.

DATED     *07/07/2014*            _____
                                  THELTON E. HENDERSON
                                  United States District Judge

`G:\PRO-SE\TEH\HC.13\Lopez 13-4880.dwla.wpd`